N THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. 2:11-cv-01211 ) |
| v. | ) ) |
| COUNTRY FRESH MARKET, LLC | ) ) |
| Defendant. | ) ) ) |

## CONSENT DECREE

## THE LITIGATION

1.      Plaintiff Equal Employment Opportunity Commission ("EEOC" or

"Commission") filed this action alleging that Defendant Country Fresh Market, LLC

("Defendant") violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a,

by subjecting Charging Party Nicole Britt  ("Charging Party") and a class of female

employees to harassment because of their sex, female.

2.      In the interest of resolving this matter, and as a result of having engaged

in comprehensive settlement negotiations, the parties have agreed that this action

should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This

Decree fully and finally resolves any and all issues and claims arising out of the

Complaint filed by the EEOC.

## FINDINGS

3.    Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

a.    This Court has jurisdiction of the subject matter of this action and of the parties.

b.    The terms of this Decree are adequate, fair, reasonable, equitable, and just.  The authority of the EEOC, Country Fresh Market, LLC, Charging Party, the claimants and the public interest are adequately protected by this Decree.

c.    This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights or privileges of any person.  The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the class members, and the public.

## NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## DEFINITIONS

A.    As used in this Consent Decree, the term "Defendant's locations" shall mean each location where it conducts business, including but not limited to the Country Fresh grocery store, the produce warehouse, and all related offices and facilities.

B.    As used in Consent Decree, the term "complaint" shall mean any allegation or report made by any person, whether substantiated by evidence or not, whether made in conformity with Defendant's established procedures or not (so long as knowledge of the complaint may be imputed to Defendant), made by any means of

2

communication, regarding potential harassment or discrimination committed against any employee of Defendant.

## INJUNCTION

4.      Defendant Country Fresh Market, LLC, its owners, partners, officers, directors, agents, employees, successors, assigns and all persons acting in concert with it are permanently enjoined from: (a) engaging in any employment practice that discriminates on the basis of sex; (b) engaging in or being a party to any action, policy or practice that is intended to or is known to them to have the effect of sexually harassing any female employee, including contract workers or employees; and (c) creating, facilitating or tolerating the existence of a work environment that is hostile to female employees because of their sex.

5.      Defendant Country Fresh Market, LLC, its owners, partners, officers, directors, agents, employees, successors, assigns and all persons acting in concert with it are permanently enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## EQUITABLE RELIEF:  SPECIFIC RESTRICTIONS
## REGARDING OWNERS, OFFICERS, AND DIRECTORS

6.      Defendant shall not make any sexual remarks about or in the presence of, or sexual advances toward, any employees or independent contractors of Defendant, and shall not explicitly or implicitly request dates or sexual favors from any of Defendant's employees or independent contractors.  This duty to refrain from such

conduct is in addition to, not in lieu of, other legal requirements established under this
Consent Decree or federal law.

## REQUIRED INVESTIGATIONS

7.      Defendant shall conduct a reasonably prompt and thorough investigation
of each complaint or report (whether formal or informal, verbal or written) of sexual or
retaliatory harassment or other discrimination made during the term of this Decree by
any employee (whether made directly to Defendant or communicated to Defendant by
another method).

8.      With regard to any complaints or charges of sexual or retaliatory
harassment or other discrimination made against any owner or officer of Defendant,
Defendant shall retain, at its own expense, the services of a qualified third-party EEO or
human resources consultant to conduct investigations of such complaints. Defendant
shall fully cooperate with this consultant during his/her investigation of the
complaint/charge. The contract shall require that the consultant perform her/his duties
impartially and independently, and without any review by Defendant's personnel prior to
completion of the investigation. The consultant shall be provided with a copy of this
Consent Decree and contractually required to compile an investigative file in
accordance with Paragraph 22, below, a copy of which shall be provided to EEOC
counsel of record in this matter immediately upon the conclusion of the investigation.
The person(s) alleged to have engaged in the harassment that is the subject of the
complaint or charge shall not have access to the investigative file or be provided with
the file by any person, and the consultant shall be contractually required to deny the

4

person(s) alleged to have engaged in the harassment that is the subject of the
complaint any access to the investigative file.

## MONETARY RELIEF

9.     Defendant shall pay monetary relief to Charging Party Nicole Britt in the
amount of $30,000. This shall constitute compensatory damages. This monetary relief
shall be paid by check made payable to Nicole Britt on or before June 1, 2012.
Defendant shall mail the aforementioned check to Ms. Britt by certified mail at an
address to be provided by the EEOC. Within five (5) days of such payment, Defendant
shall send a photocopy of the check payable to Nicole Britt, along with a photocopy of
the certified mail receipt, to EEOC Senior Trial Attorney M. Jean Clickner at the EEOC's
Pittsburgh Area Office.

10.     Defendant shall pay monetary relief to Charging Party Nicole Britt in the
amount of $5,000. This shall constitute compensatory damages. This monetary relief
shall be paid by check made payable to Nicole Britt on or before August 1, 2012.
Defendant shall mail the aforementioned check to Ms. Britt by certified mail at an
address to be provided by the EEOC. Within five (5) days of such payment, Defendant
shall send a photocopy of the check payable to Nicole Britt, along with a photocopy of
the certified mail receipt, to EEOC Senior Trial Attorney M. Jean Clickner at the EEOC's
Pittsburgh Area Office.

11.     Defendant shall pay monetary relief to Claimant Annette Huhn in the
amount of $15,000. This shall constitute compensatory damages. This monetary relief
shall be paid by check made payable to Annette Huhn on or before June 1, 2012.
Defendant shall mail the aforementioned check to Ms. Huhn by certified mail at an

5

address to be provided by the EEOC. Within five (5) days of such payment, Defendant shall send a photocopy of the check payable to Annette Huhn, along with a photocopy of the certified mail receipt, to EEOC Senior Trial Attorney M. Jean Clickner at the EEOC's Pittsburgh Area Office.

12.    Defendant shall pay monetary relief to Claimant Annette Huhn in the amount of $5,000. This shall constitute compensatory damages. This monetary relief shall be paid by check made payable to Annette Huhn on or before August 1, 2012. Defendant shall mail the aforementioned check to Ms. Huhn by certified mail at an address to be provided by the EEOC. Within five (5) days of such payment, Defendant shall send a photocopy of the check payable to Annette Huhn, along with a photocopy of the certified mail receipt, to EEOC Senior Trial Attorney M. Jean Clickner at the EEOC's Pittsburgh Area Office.

13.    Defendant shall pay monetary relief to Claimant Falisha Richards in the amount of $15,000 which shall constitute compensatory damages. This monetary relief shall be paid by check made payable to Falisha Richards on or before June 1, 2012. Defendant shall mail the aforementioned check to Ms. Richards by certified mail at an address to be provided by the EEOC. Within five (5) days of such payment, Defendant shall send a photocopy of the check payable to Falisha Richards, along with a photocopy of the certified mail receipt, to EEOC Senior Trial Attorney M. Jean Clickner at the EEOC's Pittsburgh Area Office.

14.    Defendant shall pay monetary relief to Claimant Falisha Richards in the amount of $5,000 which shall constitute compensatory damages. This monetary relief shall be paid by check made payable to Falisha Richards on or before August 1, 2012.

6

Defendant shall mail the aforementioned check to Ms. Richards by certified mail at an address to be provided by the EEOC. Within five (5) days of such payment, Defendant shall send a photocopy of the check payable to Falisha Richards, along with a photocopy of the certified mail receipt, to EEOC Senior Trial Attorney M. Jean Clickner at the EEOC's Pittsburgh Area Office.

15.     Defendant shall pay monetary relief to Claimant Stephanie Moore in the amount of $15,000, which shall constitute compensatory damages. This monetary relief shall be paid by check made payable to Stephanie Moore on or before June 1, 2012. Defendant shall mail the aforementioned check to Ms. Moore by certified mail at an address to be provided by the EEOC. Within five (5) days of such payment, Defendant shall send a photocopy of the check payable to Stephanie Moore, along with a photocopy of the certified mail receipt, to EEOC Senior Trial Attorney M. Jean Clickner at the EEOC's Pittsburgh Area Office.

16.     Defendant shall pay monetary relief to Claimant Stephanie Moore in the amount of $5,000, which shall constitute compensatory damages. This monetary relief shall be paid by check made payable to Stephanie Moore on or before August 1, 2012. Defendant shall mail the aforementioned check to Ms. Moore by certified mail at an address to be provided by the EEOC. Within five (5) days of such payment, Defendant shall send a photocopy of the check payable to Stephanie Moore, along with a photocopy of the certified mail receipt, to EEOC Senior Trial Attorney M. Jean Clickner at the EEOC's Pittsburgh Area Office.

17.     With respect to the payments described in paragraphs 10, 12, 14 and 16 above, Gene Michael Giles, in his individual capacity and as owner and officer of

7

Defendant, by his signature below agrees to personally guarantee payment of said amounts from his personal assets in the event that Defendant fails to make said payments as set forth in this Decree.

18.    In the event that any of the above-referenced payments cannot be delivered to the aggrieved persons designated at the addresses provided, Defendant shall promptly contact EEOC Senior Trial Attorney M. Jean Clickner to obtain current addresses for such persons for the purpose of prompt certified mail delivery, or, if a current mailing address is not available, to otherwise make arrangements for prompt payment. Defendant shall thereafter promptly report any efforts made to deliver payment and shall exercise due diligence to complete such delivery.

19.    After the conclusion of each calendar year in which payment is made to any of the aforementioned aggrieved persons, Defendant shall promptly issue to all such persons an IRS Form 1099-Misc for the monetary relief amount constituting compensatory damages.

## POSTING OF NOTICE

20.    Within five (5) business days following entry of this Decree, Defendant Country Fresh Market, LLC shall post copies of the Notice (attached hereto as Exhibit A) to this Decree and a statutorily required EEOC Notice at each of their locations, on the bulletin boards usually used by it for communicating with its employees. The notices of settlement shall remain posted for three (3) years from the date of entry of this Decree. Defendant shall take all reasonable steps to ensure that the postings are not altered, defaced or covered by any other material. Defendant shall certify to the EEOC in writing within ten (10) business days after entry of the Decree that the Notices have

been properly posted. Defendant shall permit a representative of the EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## EEO POLICIES AND PROCEDURES

21. Defendant will create and enforce a harassment and retaliation policy which will include the elements as set forth below:

a. Policy Coverage. Defendant's policy will ensure that: (i) its anti-harassment policy applies to employees in any federally protected classification; and, (ii) its anti-harassment provisions apply to the conduct toward employees by (a) all personnel, including co-workers, supervisors, managers, officers or owners; (b) third parties, including customers and vendors; and (c) other individuals with whom employees come into contact in the scope of employment.

b. Reporting. Defendant's policy will ensure that: (i) all supervisors, managers, directors, owners, and shareholders (a) have an obligation to report harassment or suspected harassment and (b) report situations which they "perceive to be harassment"; (ii) employees are advised to complain through Defendant's procedures; and, (iii) it contains a clear, reasonably accessible system for both verbal and written complaints within Defendant's operations, as well as an anonymous complaint process. In addition, Defendant shall expressly and prominently state in their policy that employees may, at their option, also directly contact the EEOC with any complaints or observations of sexual harassment and shall provide the EEOC's contact information as follows: U.S. Equal Employment Opportunity Commission, Pittsburgh Area Office, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA 15222, at (800) 669-

4000, (412) 395-5902, or (800) 669-6820 (TTY). The policy shall expressly and
prominently state that Defendant respects the right of employees to contact the EEOC
and will not subject those employees to retaliation of any kind for contacting the EEOC.
The policy shall expressly and prominently state that the employee should reference
"the Country Fresh Market Consent Decree" when contacting EEOC about sexual or
retaliatory harassment or other discrimination.

     c.     Duties of supervisors and managers.  Defendant's policy will provide that:
(i) supervisors, managers, directors, shareholders, partners, and owners have a duty to
actively monitor the work environment to ensure that it is free of harassment or
retaliation; and, (ii) supervisors, managers, directors, shareholders, and owners are
required to report observations or complaints of harassment or retaliation to their
Human Resources manager.

     d.     Retaliation.  Defendant's policy will include an anti-retaliation provision
which (i) ensures that the explanation of retaliation includes information that employees
are protected against retaliation because he or she "opposed any practice made an
unlawful employment practice," "made a charge, testified, assisted, participated in or
cooperated with the investigation of a charge or complaint";  (ii) advises that prohibited
retaliation may include conduct by co-workers, supervisors, managers, directors,
shareholders, and owners, or other third parties, including vendors; and, (iii) advises
employees to report retaliatory conduct in the same way that harassment is to be
reported.

     e.     Discipline.  Defendant's policy will: (i) advise that anyone involved in
harassing or retaliating against an employee will be subject to discipline, up to and

10

including termination; and (ii) advise that supervisors or managers who fail to report or address known or suspected harassment or retaliation will be subjected to disciplinary action, up to and including termination.

f.      Defining harassment.  Defendant will revise their policy so as to advise employees that sex harassment is prohibited by federal and state law.  Defendant shall also state in its policy that sex harassment includes conduct that is not overtly sexual in nature, but is because of a person's sex or gender, sexual stereotypes, or based on pregnancy, childbirth and related medical conditions.

g.      Defendant's policy will include: (i) a statement that reports of harassment and investigations of those reports will be kept confidential unless disclosure is required for investigation or by law; (ii) a statement that all reports shall be investigated promptly and impartially; and (iii) a statement warning that persons who engage in sexual harassment will be subject to disciplinary action, up to and including immediate discharge.

22.     Within thirty (30) days of entry of this Decree, or on the first day of work for any employee hired thereafter, Defendant shall provide to all employees a copy of their policies and procedures regarding unlawful harassment and retaliation, and related complaint procedures.   Within thirty (30) days of entry of this Decree, Defendant shall also provide a copy of their policies and procedures regarding unlawful harassment and retaliation, and related complaint procedures to EEOC counsel of record in this action.

## DOCUMENTATION AND RECORD RETENTION PRACTICES

11

23.     Regarding each complaint (whether formal or informal, verbal or written) or charge of sexual or retaliatory harassment or other discrimination made during the term of this Decree by any employee (whether made directly to Defendant or communicated to Defendant by another manner), Defendant shall compile an investigative file which shall contain the following: the name, home address, home telephone number and cell phone number (as applicable), job title and social security number of the complainant; the date of the complaint; the specific allegations of harassment or discrimination that were made; the name(s), home addresses, home telephone numbers and cell phone numbers (as applicable), job titles and social security numbers of any alleged perpetrators and any potential witnesses; the complete substance of any statements made by each alleged perpetrator and each witness who was interviewed; a description of actions taken to investigate the complaint; and a description of Defendant's conclusions regarding the complaint and any corrective action in response to the complaint.   Defendant shall also retain with the investigative file any other documents created or obtained in relation to a complaint, including but not limited to affidavits, witness statements, interview notes, summaries, and electronic communications.  Defendant shall retain all of the aforementioned records for the duration of this Decree.

24.     For the duration of this Decree, Defendant shall retain all personnel, payroll and other documents of any character related to any person complaining of or otherwise reporting sex or retaliatory harassment or other discrimination and all documents relating to any person who was accused of such conduct or known to be a relevant witness.

12

25. Defendant's obligation to maintain records, as set forth in Paragraphs 23 and 24 above, is not intended to nor does it limit or replace Defendant's obligation to retain records as set forth in EEOC regulations, such as 29 C.F.R. §1602.14. Defendant shall comply with 29 C.F.R. §1602.14.

26. Defendant shall make all documents that are the subject of Paragraphs 23 and 24, above, available for inspection and copying within ten (10) days of receiving a request from the EEOC for such documents.

### REPORTING

27. Defendant Country Fresh Market, LLC shall furnish to the EEOC the following written reports semi-annually for a period of three (3) years following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due thirty-five (35) months after entry of the Decree. Each such report shall contain (a) a copy of the investigative file and any related documents that are the subject of Paragraphs 23, 24, 25 and 26, above; and (b) a certification by Defendant that the Notice and Policy required to be posted in Paragraph 20, above, remained posted during the entire six (6) month period preceding the report.

### EEO TRAINING

28. Defendant shall retain, at their own expense, a qualified third-party consultant to provide to all supervisory, management, directors, shareholders, and owners not less than four (4) hours of training regarding sexual and retaliatory harassment and discrimination made unlawful by Title VII, with particular focus on the legal prohibitions of such conduct, defining such conduct, company policies prohibiting such conduct, the penalties for engaging in such conduct, the duty to monitor the work

environment to ensure such conduct is not occurring, the duty to report complaints or observations of such conduct to human resources and/or management officials, the penalties for not reporting such conduct, and other germane topics. This training shall be provided within thirty (30) days of entry of this Decree, and on the first day of work for all new hires in supervisory and management positions or new directors, shareholders or owners thereafter. The EEOC must be notified, in writing, as to the identity and qualifications of the trainer, all content of such training (including training manuals and handout materials), method of presentation, length of training course(s) and the names and job titles of attendees within one (1) month of such training.

29.    Defendant shall retain, at their own expense, a qualified third-party consultant to provide non-supervisory employees with not less than one (1) hour of training regarding their policies prohibiting harassment and discrimination made unlawful by Title VII and any related complaint procedures. The training will state explicitly that Defendant's EEO policies and complaint procedures may be invoked by, and are intended to protect all employees and that they will not be retaliated against if they invoke the anti-harassment policy. This training shall be provided within thirty (30) days of entry of this Decree, and on the first day of work for all new permanent and temporary workers thereafter. The EEOC must be notified, in writing, as to the identity and qualifications of the trainer, all content of such training (including training manuals and handout materials), method of presentation, length of training course(s) and the names and job titles of attendees within one (1) month of such training.

30.    At Defendant's option, they may video-record the first training session conducted in accordance with Paragraphs 28 and 29, above, and may then present the

14

video for all successive trainings required by this Decree in lieu of presentation by a live speaker. However, if Defendant exercise this option, they shall assign a management official with reasonable knowledge of the subject matter of the training (who was not alleged to have engaged in harassment in this matter) to be present, and monitor the video training, and to answer any questions from trainees.

31.     Defendant shall also provide the EEOC with any and all copies of pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

32.     This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

33.     Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to such motion, the Commission shall notify the Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have fifteen (15) days either to correct the alleged non-compliance, and so inform the other party, or deny the alleged non-compliance, in writing;

a.      If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach;

b.      Each party shall bear its own costs, expenses and attorney's fees incurred in connection with such action; and

15

c.     Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Western District of Pennsylvania.

34.     The Commission, its agents and employees shall in their discretion have the legal authority to enter Defendant's facilities, with reasonable prior notice to the Defendant and their counsel, and conduct an on-site inspection to ensure compliance with Title VII and any of the terms of this Decree.  Such inspections may, at the discretion of the Commission, include access to any and all documents for the purposes of inspection and duplication; interviews or depositions of any persons; inspection of any area within the facility; and any other investigatory technique or procedure permitted by Title VII or the Commission's regulations.  The Commission shall also have the legal authority to require appearance and testimony of Defendant's personnel (at reasonable times and locations) at interviews or depositions and the production of relevant documents to ensure compliance with Title VII and any of the terms of this Decree.  The Commission may at any time move the Court for a hearing for the purpose of compelling Defendant to cooperate in any aspect of this Paragraph.  Neither the Commission's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other Commission authority to conduct investigations of the Defendant that is provided by law, including, but not limited to, investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act ("ADEA"), Titles I or V of the Americans with Disabilities Act ("ADA"), the Genetic Information Nondiscrimination Act of 2008 ("GINA"), and any statute over which the Commission is given jurisdiction in the future, and conducting directed investigations

16

authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

35.    All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years immediately following entry of the Decree, provided, however, that if, at the end of the three (3) year period, any disputes under Paragraph 33, above, remain unresolved, the term of the Decree shall be automatically extended and the Court will retain jurisdiction of this matter to enforce the Decree by all available means, including but not limited to injunctive relief and monetary and other sanctions, until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

36.    Each party to this Decree shall bear its own expenses, attorney's fees and costs.

37.    The terms of this Consent Decree shall be binding upon the present and future owners, officers, managers, agents, successors and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

17

38.    If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

39.    When this Decree requires a certification by Defendant Country Fresh Market, LLC of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant Country Fresh Market, LLC.

40.    When this Decree requires the submission by Defendant Country Fresh Market, LLC of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Defendant Country Fresh Market, LLC Title VII Settlement, Equal Employment Opportunity Commission, c/o M. Jean Clickner, Senior Trial Attorney, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA 15222.

**APPROVED BY:**

FOR DEFENDANT COUNTRY FRESH MARKET, LLC:

JONI M. MANGINO, ESQUIRE
Pa. I.D. No. 43586
JOSEPH F. BUTCHER, ESQUIRE
Pa. I.D. No. 86464
RYAN M. KRESCANKO, ESQUIRE
Pa. I.D. No. 90433
ZIMMER KUNZ, P.L.L.C.
600 Grant Street, Suite 3300
Pittsburgh, PA 15219-2702
Telephone:  (412) 281-8000
Fax:  (412) 281-1765
Email:  mangino@zklaw.com

*Counsel for Defendant Country Fresh
Market, LLC*

GENE MICHAEL GILES
Owner and President of Country Fresh
Market, LLC and in His Individual
Capacity as to Paragraph 17

FOR THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION:

P. DAVID LOPEZ
GENERAL COUNSEL

JAMES LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

DEBRA M. LAWRENCE
REGIONAL ATTORNEY

RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY

M. JEAN CLICKNER
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 42738
Equal Employment Opportunity
Commission
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Telephone:  (412) 395-5843
Fax:  (412) 395-5749
Email:  jean.clickner@eeoc.gov

ENTER:

The Honorable Judge Cynthia R. Eddy
United States Magistrate Judge

DATE:
May 16, 2012

19

# EXHIBIT A

## NOTICE TO ALL COUNTRY FRESH MARKET EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Country Fresh Market, LLC,* Civil Action No. 11-1211, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Country Fresh Market, LLC. (referred to as "Defendant")

In its suit, the EEOC alleged that Defendant discriminated against female employees by subjecting them to a sexually hostile work environment and retaliation. To resolve the case, Defendant and the EEOC have entered into a Consent Decree which provides, among other things, that:

1) Defendant will pay monetary relief to the victims of harassment;
2) Defendant are prohibited by federal court order from discriminating against women on the basis of sex and from subjecting women to sexual harassment;
3) Defendant are prohibited by federal court order from retaliating against any person because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and
4) Defendant will provide mandatory training to employees regarding sexual harassment, retaliation and Defendant's policies regarding such discrimination.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (800) 669-4000, (412) 395-5902, or (800) 669-6820 (TTY). The EEOC charges no fees.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for three years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Country Fresh Market, LLC Title VII Settlement, EEOC, c/o M. Jean Clickner, Senior Trial Attorney, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA 15222.**

_5-12-12_

Date

For:   Country Fresh Market, LLC